MANUEL SANTIAGO, Appellant, v UNITED FEDERATION OF TEACHERS, LOCAL 2, AMERICAN FEDERATION OF TEACHERS, AFL-CIO, Defendant, and LYNNE WINDERBAUM, Respondent. [833 NYS2d 80]—

Order, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered on or about August 2, 2006, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The action involves two allegedly libelous articles that were published in a teachers' union newsletter and written by defendant, a teacher and union representative at the same high school where plaintiff was an assistant principal. The articles criticized plaintiff's handling of certain disciplinary and school safety issues, and accused him of violating Chancellor's Regulation C-175, which governs "per session" pay and prohibits payment for work that is part of a pedagogue's regular work day, by taking compensation for work he performed on Saturdays at the school. Defendant wrote, among other things, that plaintiff "has been pocketing illegal per session money in violation of Chancellor's Regulation C-175," and that after being told by the principal to stop working on Saturdays, plaintiff "continued to punch in and collect money . . . [b]ecause an important person in the Superintendent's Office has conspired with [plaintiff] to take money that is designated for the instruction of our children and funnel it into [plaintiff's] bank account."

Defendant's statements in her capacity as union representative, criticizing plaintiff's professional competence and honesty, fall within the broad definition of a "labor dispute" under federal law, and therefore are not subject to state law defamation claims in the absence of a showing of actual malice, i.e., that defendant published the statements while highly aware that they were probably false (*see Hoesten v Best*, 34 AD3d 143, 152-153, 155 [2006]). On this record, no triable issues of fact exist as to defendant's actual malice.

Defendant makes a prima facie showing that she herself was a participant in the incident involving plaintiff's alleged rule-breaking denial of union representation at a postobservation conference with a teacher. Although defendant did not have

firsthand knowledge of the incidents in which plaintiff returned ejected students to their classrooms, she shows that she spoke to the teachers involved and there were no reasons to doubt the credibility of their complaints, or the numerous other complaints she received about plaintiff's conduct toward teachers and his disregard of school rules. Similarly, defendant was informed that plaintiff was working on Saturdays by other teachers who wondered why he was at the school. Defendant testified that she asked the principal about it, and was told that plaintiff was working on Saturdays but at no additional pay, but that when she asked plaintiff himself about his Saturday work, he freely admitted that he was receiving extra pay. Defendant further shows that she soon learned of other information corroborating this "illegal" Saturday work. Indeed, far from showing knowledge of probable falsity, the record tends to support defendant's assertion of a Regulation C-175 violation. Plaintiff asserts that the assistant superintendent and the principal sanctioned his Saturday work, but, if so, there is no evidence that defendant was aware that plaintiff was given a waiver, and defendant asserts, without contradiction, that waivers were usually given to teachers who wanted to work while on sabbatical or leave of absence, not to assistant principals who cannot complete their regular job duties during regular hours.

It should also be observed that the offending statements were qualifiedly privileged under state law because of the common interest shared by the union and the employer in preventing mistreatment of teachers in the workplace and ensuring compliance with the Chancellor's rules (*see Hoesten*, 34 AD3d at 157). To overcome the privilege, plaintiff would have to establish either constitutional or common-law malice (*see id.* at 157-158). However, for the reasons already discussed, no issues of fact exist as to constitutional malice, and, with respect to common-law malice, similar reasons show that no issues of fact exist as to whether defendant spoke out of spite or ill will. Even if defendant held some grudge against plaintiff, it remains undisputed that the complaints about plaintiff came from the teachers themselves. Nothing in the record suggests that plaintiff concocted the complaints herself, goaded the teachers in any manner or that any such grudge was the sole reason for the articles (*see id.* at 158-159). Concur—Saxe, J.P., Williams, Buckley, Catterson and Malone, JJ.